UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD RAY LEONARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2436** |
| **STATE OF LOUISIANA, THROUGH THE ATTORNEY GENERAL FOR THE STATE OF LOUISIANA** | **SECTION "R" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual Summary**

The plaintiff, Donald Ray Leonard ("Leonard"), is a prisoner housed in the Louisiana State Penitentiary in Angola, Louisiana.  Leonard filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. §1983 against the State of Louisiana through the Louisiana Attorney General alleging the violation of his constitutional rights.  Specifically, Leonard alleges that in 1998 in its decision in *Campbell v. Louisiana*, 118 U.S. 1419 (1998), the United States Supreme Court deemed Louisiana's grand jury selection process under La. Code Crim. P. art. 413 to be unconstitutional.

He argues that the Louisiana courts violated his civil rights by abusing their discretion under former La. Code. Crim. P. art. 413 when selecting grand jurors. He seeks compensatory and punitive damages for violation of his civil rights and for his continuous incarceration and involuntary servitude for 33 years.

**II.   Venue**

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue is determined under the general venue provision found at 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga.1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) any defendant resides, if all defendants reside in the same State, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. Leonard has not established any of this factors to place venue in this district.

Pursuant to 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record and plaintiff's cursory allegations, the Court finds that venue in the Eastern District of Louisiana has not been established.[1]

---

[1] The State of Louisiana governmental seat is in Baton Rouge, Louisiana within the jurisdiction of the Middle District of Louisiana. 28 U.S.C. §98(b). Leonard also does not allege where the alleged violations occurred to confirm another basis for venue.

However, because the case is wholly frivolous, transfer is not in the best interest of justice and the case can be dismissed. Alternatively, even if venue is proper here, the case is no less frivolous for the following reasons.

### III.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### IV. <u>Eleventh Amendment Immunity for the State of Louisiana</u>

Leonard named as the sole defendant the State of Louisiana through the Louisiana Attorney General. A claim against the State in this court is barred by the Eleventh Amendment and must be dismissed.

The Eleventh Amendment to the United States Constitution forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his or her own State. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). An exception to the Eleventh Amendment prohibition exists where the State has expressly waived its sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dept. of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. Furthermore, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Thus, the plaintiff's claims against the State of Louisiana are barred by the Eleventh Amendment.[2] Because the Eleventh Amendment deprives this Court of jurisdiction over the claims against the State, those claims should be dismissed without prejudice, *see Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir. 1996), because they are frivolous, fail to state a claim for which relief can be granted, and seek relief against an immune defendant pursuant to 28 U.S.C. §§ 1915, 1915A.

---

[2]The Louisiana Attorney General's Office and the Louisiana Attorney General, in his official capacity, also enjoy Eleventh Amendment immunity from this type of action. *Hamilton v. Foti*, 372 Fed. Appx. 480, 485-86 (5th Cir. 2010); *Hultberg v. State*, No. 97-3577, 1998 WL 30288, at *4 (E.D. La. Jan. 28, 1998) (McNamara, J.).

## V. Recommendation

It is therefore **RECOMMENDED** that Leonard's § 1983 claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant pursuant to 28 U.S.C. §§ 1915(e)(2), § 1915A, because the claims are barred by the Eleventh Amendment.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 10th day of November, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.