```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

DONALD RAY LEONARD                          CIVIL ACTION

VERSUS                                      NO: 11-2436

STATE OF LOUISIANA, THROUGH                 SECTION: R
THE ATTORNEY GENERAL FOR THE
STATE OF LOUISIANA

## ORDER

Plaintiff Donald Ray Leonard filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. Having reviewed *de novo* the complaint, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the plaintiff's objections thereto, the Court approves the Report and adopts it as its opinion.

In his opposition to the Magistrate's Report and Recommendation, plaintiff requests leave to amend his complaint so that it comports with the dictates of the Eleventh Amendment. He seeks to withdraw his claim for damages and instead pursue only declarative and injunctive relief against the state. Leonard's amended petition suffers from the same defect as his

original petition, however, as the Eleventh Amendment bars an individual from suing a state in federal court unless the state consents or Congress has clearly and validly abrogated the state's sovereign immunity. *See* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit *in law or equity*, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.") (emphasis added); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) (recognizing that the Constitution does not provide for federal jurisdiction over suits against nonconsenting states even when brought by citizens against their own states); *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) (recognizing that an individual may sue a state if the state consents or Congress abrogates the state's sovereign immunity). Plaintiff does not and cannot contend that Louisiana has consented to suit or that its sovereign immunity has been abrogated by Congress. *See Quern v. Jordan,* 440 U.S. 332 (1979) (holding that § 1983 could not be used to sue a state in federal court). *Cf. Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989) (holding that state governments are not "persons" within the meaning of § 1983, and therefore, cannot be sued under that statute).

Accordingly,

IT IS ORDERED that plaintiff's suit is DISMISSED WITHOUT PREJUDICE as frivolous and/or for failure to state a claim on which relief may be granted.

New Orleans, Louisiana, this 21st day of March, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE